NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACRA TURF, LLC, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 12-2775 (MAS) (DEA) |
| FRANCESCO ZANZUCCKI, Executive Director of the New Jersey Racing Commission, | : MEMORANDUM OPINION |
| Defendant. | : |

**SHIPP, District Judge**

This matter comes before the Court by way of a Motion to Intervene and to Dismiss the Complaint filed by the New Jersey Thoroughbred Horsemen's Association, Inc. ("NJTHA") (Mot. to Intervene, ECF No. 36) and joined by the Standard Breeders and Owners Association ("SBOA") (ECF No. 39). By way of an Order dated August 13, 2012, the Honorable Douglas E. Arpert, U.S.M.J., struck, as premature, the elements of the NJTHA and SBOA's motions which seek to dismiss the Plaintiffs' Complaint. (ECF No. 41.) On behalf of Defendant Francesco Zanzuccki, Executive Director of the New Jersey Racing Commission, the Attorney General of New Jersey filed Opposition to the Motions to Intervene to the extent that the NJTHA and SBOA sought to bring additional claims beyond addressing the constitutionality of the amendments of the Off-Track and Account Wagering Act, N.J. Stat. Ann. § 5:5-127 (West 2012), *et seq.* ("the Act"). Plaintiffs ACRA Turf Club, LLC, and Freehold Raceway Off-Track (collectively, "Plaintiffs") filed opposition to the NJTHA's Motion to Intervene. (ECF No. 45.) NJTHA filed a

reply to Plaintiffs' and Defendant Zanzuccki's Opposition. (ECF No. 46.) NJTHA requested leave to file a supplemental brief. (ECF No. 61.) The Court has considered the Parties' submissions and has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, and other good cause shown, NJTHA and the SBOA's Motions to Intervene are DENIED.

I. **Background**

The crux of this matter arises out of New Jersey's Off-Track Account Wagering Act and the Participation Agreement ("Agreement") entered into by Plaintiffs and the State which afforded to Plaintiffs ownership, economic, and operational rights in off-track wagering facilities. Here, Plaintiffs seek a declaratory judgment that three New Jersey laws which were subsequently enacted: (1) 2011 N.J. Laws 26, 2011 P.L. ch.26 (the "Forfeiture Amendment"); (2) 2011 N.J. Laws 205, 2011 P.L. ch.205, § 2 (the "Deposit Amendment"); and (3) 2011 N.J. Laws 228, 2011 P.L. ch.228 (the "Pilot Program Act") violate Plaintiffs' constitutional rights under the Contracts Clause, the Fifth Amendment, and the Takings Clause, and violate Plaintiffs' Equal Protection and Substantive Due Process rights. NJTHA and the SBOA assert as their interest that "Plaintiffs' delay in creating Off-Track Wagering ("OTW") facilities continues to harm the NJTHA because the NJTHA depends upon revenue from the OTWS to fund purses." (Mot. to Intervene at 1.) In furtherance of their argument, NJTHA references being parties to the Agreement, and their purported rights under the Interstate Horseracing Act, 15 U.S.C. § 3001, *et seq.*

## II. Legal Standard and Analysis

### A. NJTHA's Motion Fails to Meet the Standard for Intervention as of Right pursuant to Fed. R. Civ. P. 24(a)

The relevant standard for an intervention as of right is set forth in Rule 24(a) as follows:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

NJTHA and the SBOA do not argue that intervention is afforded by an unconditional right conferred by federal statute. Instead, NJTHA and the SBOA contend that intervention as of right pursuant to Rule 24(a)(2) is required. Four factors control whether intervention is appropriate under Rule 24(a)(2). These four factors require a determination as to whether: (1) the motion to intervene is timely, (2) a sufficient interest in the underlying action has been established, (3) the interest will be impaired or affected by the disposition of the underlying action, and (4) the interest is not adequately represented by an existing party to the litigation. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). The burden of proving each element is with the intervenor, and failure to prove any one of the aforementioned elements is sufficient to deny the intervenor's motion. *Worthington v. Bayer Healthcare, LLC*, No. 11-3299, 2011 U.S. Dist. LEXIS 144369, at *8 (D.N.J. December 15, 2011) (intervention denied where potential intervenor failed to establish one of the factors, without reaching the remaining factors).

Both Plaintiffs and Defendant assert that NJTHA and SBOA have failed to establish that their interests are not adequately represented. The Court agrees.

3

The limited issue in this action is whether the three challenged Amendments are constitutional. Here, NJTHA's and the SBOA's interests in establishing that the Amendments are constitutional are adequately represented by the Attorney General. In fact, the Attorney General is charged with defending the constitutionality of the laws challenged herein. *See* N.J. Stat. Ann. 52:17A-4(e). The Third Circuit has established that for purposes of an application to intervene, state or local entities adequately represent the interests of their citizens. *Del. Valley Citizens' Council for Clean Air, et al. v. Commonwealth of Pa., et al.*, 674 F.2d 970, 973 (3d Cir. 1982) (holding "[w]hen a state is a party to a suit involving a matter of sovereign interest, it is presumed to represent the interests of its citizens[.]") Since NJTHA and the SBOA have the burden of establishing the aforementioned elements, they must overcome the presumption that the Attorney General adequately represents their interests in upholding the constitutionality of the challenged laws. This is readily apparent since the narrow issue before the Court is whether the challenged Amendments are constitutional. NJTHA and the SBOA have not demonstrated that their interests are divergent from that of the Defendant and accordingly, their Motions to Intervene as a matter of right are denied.

**B.     NJTHA's Motion Fails to Meet the Standard for Permissive Intervention pursuant to Fed. R. Civ. P. 24(b)**

Rule 24(b) provides, in relevant part:

(b) Permissive Intervention
  (1) In General. On timely motion, the court *may* permit anyone to intervene who:
    (A) is given a conditional right to intervene by a federal statute; or
    (B) has a claim or defense that shares with the main action a common question of law or fact.

(Emphasis added).

The court is afforded broad discretion in deciding the propriety of permissive intervention. *See Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992) (describing the standard for permissive intervention as "highly discretionary."). Further, where the interests of a party are already adequately represented and allowing intervention would be duplicative, permissive intervention is properly denied. *Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982).

To the extent NJTHA and the SBOA interject new cross-claims and counterclaims, these claims share no commonality with the case at bar, which is specifically limited to whether a declaratory judgment should issue determining that the three challenged amendments are unconstitutional. Further, permitting NJTHA or the SBOA to lodge novel claims would create undue delay, which is in stark contravention to the mandates of Rule 24(b)(3). Additionally, it is worth noting that as it relates to undue delay: NJTHA has (1) moved to dismiss, which ultimately was stricken by the Court as premature, (2) appealed the Court's decision to strike to the Third Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction, and (3) sought to file a supplemental brief, arguing in essence, the same points made in its motion to intervene, that despite a presumption in favor of adequate representation, Defendant inadequately represent their interests.[1] (ECF Nos. 42, 43, 61.) Accordingly, permissive intervention is similarly inappropriate.

---

[1] Regarding the movants' contention that they are not adequately represented because the defendants have not asserted every form of defense argued by the NJTHA and the SBOA, it is worth noting "that . . . (intervenors) would have taken a different view of the applicable law does not mean that the (defendants) did not adequately represent their interests in the litigation." *Pennsylvania. v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976), *cert. den'd sub nom*, 426 U.S. 921 (1976).

C. **NJTHA's Argument Regarding Joinder is Misplaced**

NJTHA states that joinder is appropriate pursuant to Rule 19(a) which provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i.) as a practical matter impair or impede the person's ability to protect the interest . . . .

NJTHA argues that the "legally protected interest" which requires joinder is that the "revenue stream needed to operate Monmouth Park will be substantially compromised." (Mot. to Intervene at 11.) Plaintiffs argue that this is a purely pecuniary or economic interest such that it is insufficient to render NJTHA or the SBOA necessary parties.

Significantly, a party is only necessary if it has a legally protected interest, and not merely a financial interest, in the action. *Spring-Ford Area Sch'l Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001) (internal citations omitted). Further, in comparing Rule 19 with Rule 24, the Third Circuit has held "it is . . . illogical to conclude that a party who meets the joinder requirements of Rule 19(a)(2)(I) automatically qualifies to intervene as of right under Rule 24(a)(2). That interpretation would read the 'adequacy of representation' requirement out of Rule 24(a)(2) by creating a backdoor into the litigation through the less restrictive inquiry of Rule 19(a)(2)(I)." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d at 230. In *Treesdale*, the Court relied upon the advisory committee notes of Rule 24, which states that, "Intervention of right is here seen to be a kind of counterpoint to Rule 19(a)(2)(I) on joinder of persons needed for a just adjudication: where, *upon motion of a party in an action*, . . . [the] absentee should be joined . . . so that he may protect his interest." *Id.* (Emphasis added). Further, where the

movants, as here, are not parties, and only have a financial interest in the outcome of a declaratory judgment action, they are not necessary parties under Rule 19, and are not required to be joined. *See Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir 1995); *Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994); *Nationwide Mut. Ins., Co.*, No. 09-1431, 2010 WL 2038575 (E.D. Pa. 2010).

NJTHA and the SBOA are not entitled to use joinder as a backdoor into this matter.

### III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the NJTHA and SBOA Motions to Intervene are DENIED. Accordingly, NJTHA's letter requests for supplemental briefing and participation in the pending summary judgment motion and order to show cause are similarly denied. An Order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 26th, 2013