NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACRA TURF, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 12-2775 (MAS) (DEA) |
| FRANCESCO ZANZUCCKI, Executive Director of the New Jersey Racing Commission, | MEMORANDUM OPINION |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the court pursuant to Plaintiffs ACRA Turf Club, LLC ("ACRA Turf") and Freehold Raceway Off-Track, LLC's ("Freehold") (collectively, "Plaintiffs"), Motion for Summary Judgment. (Pls.' Br., ECF No. 50-1.) Defendant Francesco Zanzuccki ("Defendant") cross-moved for dismissal of Plaintiffs' Complaint. (Def.'s Cross-Mot., ECF No. 59). Plaintiffs filed a Reply. (Pls.' Reply, ECF No. 63.) The Court has considered the Parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For good cause shown, Defendant's Cross-Motion to Dismiss is GRANTED.

I. **Background**

The undisputed material facts in the instant case are as follows. (Def.'s Responses to Pls.' SUMF, ECF No. 59-9.) Plaintiff ACRA Turf operates Atlantic City Racecourse in Atlantic City, New Jersey. Plaintiff Freehold Raceway operates Freehold Raceway in Freehold, New Jersey.

Defendant Zanzuccki is the Executive Director of the New Jersey Racing Commission. ACRA Turf, Freehold and the New Jersey Sports and Exposition Authority ("NJSEA") were the only holders of valid permits to conduct a horse race meeting in the year 2000. On February 1, 2002, New Jersey enacted the Off-Track and Account Wagering Act ("OTAWA"). N.J. Stat. Ann. 5-5:127. ACRA Turf, Freehold and NJSEA entered a Participation Agreement. ACRA Turf and Freehold operate two Off Track Wagering facilities: Favorites in Vineland, owned by ACRA Turf, and Favorites at Toms River, owned by Freehold. OTAWA was amended on February 23, 2011, by way of enactment of P.L. 2011 c. 26 (the "Forfeiture Amendment"). On January 17, 2012, OTAWA was amended by way of enactment of P.L. 2011 c. 205 ("Deposit Amendment"). On the same date, New Jersey enacted P.L. 2011, c. 229 (the "Pilot Program Act"). Before reaching the merits of Plaintiffs' allegations, the Court must be satisfied that it has jurisdiction over the case.

## II. Parties' Positions

Defendant argues that Plaintiffs' complaint should be dismissed based on the *Younger* doctrine. (Def.'s Cross-Mot. 14) (citing *Younger v. Harris*, 401 U.S. 37 (1973)). According to Defendant, dismissal of the Complaint is required because: "[1] the action will interfere with an ongoing state proceeding where the Plaintiffs are a party; [2] the state proceeding implicates [] important state interests and [3] the proceeding affords plaintiffs an adequate opportunity to raise their constitutional claims." (*Id.*)

Defendant further argues that the *Younger* abstention doctrine "espouses a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Furthermore, the doctrine has been extended to pending state

administrative proceedings where there is potential for state court review of the federal litigants' constitutional claims. *Ohio Civil Rights Comm'n v. Dayton Christina Schs.*, 477 U.S. 619, 626-27 (1986). Defendant asserts that Plaintiffs have filed a Petition before the New Jersey Racing Commission. (Def.'s Cross-Mot. 15.) Both Plaintiffs filed respective Petitions arguing that they made progress toward establishing their share of wagering facilities. The Petitions reference allegations of unconstitutionality as it relates to: takings without just compensation, violations of substantive due process, and violations of the Equal Protection Clause. (ECF No. 59-4, Freehold Petition ¶22i; ACRA Turf Petition ¶18j.) Plaintiffs were found to have made progress, and the New Jersey Thoroughbred Association ("NJTHA") appealed the decision regarding Plaintiffs' Petitions to the New Jersey Superior Court, Appellate Division. (ECF No. 59-7.) Defendant argues that Plaintiffs have an opportunity to raise their constitutional challenges before the Appellate Division. (Def.'s Cross-Mot.) For that reason, Defendant asserts that "abstention is mandatory . . . and deprives the federal court of jurisdiction in the matter." (Def.'s Cross-Mot. 16) (citing *Diamond D. Constr. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002)).

Plaintiffs argue that Defendant has failed to establish that application of the *Younger* abstention doctrine is appropriate. As an initial matter, Plaintiffs assert that the *Younger* abstention doctrine should be "rarely invoked." (Pls.' Reply 26) (citing *Addiction Specialist, Inc. v. Twp. of Hampton*, 411 F.3d. 399, 408 (3d Cir. 2005) (internal citation omitted)). Furthermore, Plaintiffs point to a comment that the Hon. Joel A. Pisano, U.S.D.J., made in the instant matter prior to the case being transferred to the Undersigned. Specifically, while the case was in its infancy, and before the relevant administrative proceedings were appealed to the New Jersey Superior Court, Appellate Division, Judge Pisano commented during oral argument that: "I've demonstrated and the Third Circuit has recognized sometimes that I'm a pretty big fan of

*Younger* and *Pullman*, but that argument isn't lost on me. On the other hand . . . in my view, there are colorable federal constitutional claims being raised here. I'm not going to run and hide from it." (ECF No. 35 42:9-14.) Furthermore, Judge Pisano issued an Opinion discussing the merits of Plaintiffs' preliminary injunction application. (Pisano Op., ECF No. 33.) Judge Pisano ultimately denied the preliminary injunction motion, however, without explicitly discussing the Defendant's *Younger* challenge. (Pisano Op. 11) (However, Judge Pisano did state in his Opinion that "this Court finds that this action is fit for judicial review.")

### III. Analysis

The Court finds that the *Younger* abstention doctrine is applicable here. As an initial matter, the procedural posture of the case has changed since the matter was before Judge Pisano. Specifically, at that time there was not a pending appeal before the New Jersey Superior Court, Appellate Division ("Appellate Division") nor had the New Jersey Thoroughbred Horsemen's Association filed an action before the New Jersey Superior Court, Monmouth County, Chancery Part. The action brought before the New Jersey Racing Commission concerned whether Plaintiffs had made "progress toward establishing their share of wagering facilities." (Pls.' Reply 29 n.9.) On appeal, the Appellate Division, in order to entertain the constitutional challenges herein, would have to exercise its original jurisdiction pursuant to N.J. Stat. Ann. 2:10-5, which provides: "The appellate court *may* exercise such original jurisdiction as is necessary to the complete determination of any matter on review." (Emphasis added). This exercise of jurisdiction is discretionary. *See Maisonet v. New Jersey Dep't of Human Servs., Div. of Family Dev.*, 140 N.J. 214, 223 (1995). In the past, the New Jersey Superior Court Appellate Division has exercised original jurisdiction (1) "to complete the determination of issues raised but not

4

decided in a trial court,"[1] or (2) "to provide emergent relief in a matter implicating public interest." *Id.*

In *Middlesex County Ethics*, the Supreme Court found "[w]here vital state interests are involved, a federal court should abstain unless state law *clearly bars* the interposition of the constitutional claims." 457 U.S. 423, 432 (1982) (emphasis added) (internal citation and quotation omitted). The Supreme Court defined the issue as threefold. First, whether there was an ongoing state judicial proceeding; second whether that proceeding implicated important state interests; and third whether there was an adequate *opportunity* in the state proceedings to raise constitutional challenges. *Id.* at 432. No such clear bar exists here.

Here, an ongoing state judicial proceeding is pending. Furthermore, as it relates to whether the instant matter implicates important state issues, the Supreme Court has found that New Jersey's interest in a particular litigation can be demonstrated by the fact that an agency of New Jersey was named as the defendant in the suit. *Id.* at 434-35. Similarly here, the New Jersey Racing Commission is effectively named as the Defendant in the instant case.

The Supreme Court noted that "[a]bstention is based upon the theory that [t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it *plainly appears* that this course would not afford adequate protection." *Id.* at 435. (internal quotations omitted) (emphasis added).

---

[1] The Appellate Division can, and has, exercised original jurisdiction on appeal from administrative proceedings pursuant to N.J. Stat. Ann. 2:10-5. *See Old Bridge Twp. Bd. of Educ. v. Old Bridge Educ. Ass'n*, 193 N.J. Super. 182, 186 (App. Div. 1984), *aff'd as modified*, 98 N.J. 523 (1985) (New Jersey Superior Court, Appellate Division exercising original jurisdiction of award granted by the Public Employment Relations Commission.)

Here, the Court finds that the *Younger* abstention doctrine applies.[2] Due to the lofty public interests implicated, the Appellate Division may entertain Plaintiffs' constitutional claims herein. In light of the above, abstention is proper.

## IV. <u>Conclusion</u>

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED. An Order consistent with this Opinion will be entered.

<u>Michael A. Shipp</u>
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2013

---

[2] While not raised by the Parties, *Younger* applies here even though the Court has elected to rule on a preliminary injunction motion. *See Ocean Grove Camp Meeting Ass'n of United Methodist Church*, 339 Fed. App'x 232, 240 (3d Cir. 2009) (Holding that the "District Court's denial of a preliminary injunction motion in this case was not a proceeding of substance on the merits" and "that the District Court properly abstained under *Younger* and dismissed the case.")