NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ACRA TURF CLUB, LLC, et al.,

    Plaintiffs,

v.

FRANCESCO ZANZUCCKI,

    Defendant.

Civil Action No. 12-2775 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs ACRA Turf Club, LLC ("ACRA") and Freehold Raceway Off Track, LLC's ("Freehold") (collectively, "Plaintiffs") request for reconsideration of the Court's January 31, 2015 decision granting summary judgment for Defendant Francesco Zanzuccki ("Defendant") on Count One of the Complaint. (ECF No. 129-1.) The Court has carefully considered the parties' submissions, and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' request for reconsideration is denied.

**I.    Legal Standard**

    Having now entered a final judgment adjudicating all the claims, the Court shall construe Plaintiffs' request for reconsideration as a motion made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"). The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Id.*; *see* L. Civ. R. 7.l(i) (governing

motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). "The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." *Id.* at 78. (citations omitted).

II. **Discussion**[1]

Plaintiffs request the Court to reconsider its January 31, 2015 decision (hereinafter the "Decision"), which granted summary judgment in favor of Defendant pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)") as to Count One of the Complaint, arguing that the Forfeiture Amendment and Pilot Program do not violate the Contract Clause. (Pls.' Moving Br. 23-26, ECF No. 129-1.) Specifically, Plaintiffs contend that the Court's finding regarding the legal status of the New Jersey Sports and Exposition Authority ("NJSEA") conflicts with the Supreme Court's March 9, 2015 decision in *Department of Transportation v. Ass'n of American Railroads*. (Pls.' Moving Br. 1 (citing 135 S. Ct. 1225 (2015)).) Plaintiffs argue that by applying *American Railroads* to the facts here, the Court should find that the NJSEA is a state entity and employ a heightened level of scrutiny in analyzing whether the Forfeiture Amendment

---

[1] The background for this dispute is set forth in detail in the Court's decisions on the parties' previous motions for summary judgment. (ECF Nos. 120, 135.)

2

and Pilot Program Act violate the Contract Clause. (*Id.* at 23-24 (citing *Nieves v. Hess Oil V.I. Corp.*, 819 F.2d 1237, 1249 (3d Cir. 1987) ("When the state is a contracting party, the legislative judgment is subject to stricter scrutiny than when the legislation affects only private contracts.")).)

*American Railroads* does not address Contract Clause claims or the applicable level of scrutiny for constitutional challenges. While *American Railroads* is arguably applicable to the Court's observation that "in the context of the Participation Agreement, the NJSEA is not 'performing an essential government function but rather an essentially private business function[,]'" the Court's Contract Clause analysis is not predicated on this observation. (Jan. 31, 2015 Op. ("Op.") 14, ECF No. 120.) As explained below, even if *American Railroads* requires finding that the NJSEA is a state entity, as Plaintiffs contend, this does not alter the Court's finding that neither the Forfeiture Amendment nor the Pilot Program Act violate the Contract Clause.

### A. Forfeiture Amendment

As a threshold matter, the Court found that "the NJSEA and Plaintiffs were engaged in a contractual relationship and that the Forfeiture Amendment impaired that relationship." (Op. 10.) The Court also found that this impairment was "substantial." (*Id.* at 12.) These findings, however, are not sufficient for finding that the Forfeiture Amendment violates the Contract Clause. Plaintiffs must also show that the impairment was not supported by a legitimate public purpose. *Energy Reserves Grp., Inc., v. Kan. Power & Light Co.*, 459 U.S. 400, 411-12 (1983) (citing *U.S. Tr. Co. of N.Y. v. New Jersey*, 431 U.S. 1, 22 (1977)). Should the Court find that there was a legitimate public purpose behind the impairment, it must then analyze whether "the rights and responsibilities of contracting parties [was] [based] upon reasonable conditions and [was] of a character appropriate to the public purpose justifying [the legislation's] adoption." *Id.* (second and fourth

3

alterations in original). In their request for reconsideration, Plaintiffs argue that *American Railroads* should alter the Court's analysis of the latter question.

In its Decision, the Court found that the "strict scrutiny applicable to contracts with state entities is inappropriate" for determining whether the Forfeiture Amendment was reasonable in light of its purpose. (Op. 13.) NJSEA's status as a state versus private entity was not controlling in determining the appropriate level of scrutiny. (*Id.* at 13-14.) Rather, as the Court explained in its Decision, "[t]he *sine qua non* of the state-versus-private-contract distinction, as originally set forth by the Supreme Court in *U.S. Trust*, is the implication of the state's self-interest in the abrogation of a contractual obligation." (*Id.* at 13 (citing *U.S. Tr. Co.*, 431 U.S. at 26)); *see NCO Acquisition, LLC v. Roberts*, No. 12-10122, 2013 WL 2393237, at *6 (E.D. Mich. May 31, 2013); *Nat'l R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 471 n.24 (1985) ("Thus, the Court has observed that in order to maintain the credit of public debtors . . . and because the 'State's self-interest is at stake'. . . the Government's impairment of its own obligations perhaps should be treated differently.") (internal citations omitted); *see also Energy Reserves Grp.*, 459 U.S. at 413. As the Third Circuit held in *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, regardless of whether a state entity is a party to the contract, as long as a state's self-interest is implicated, a heightened level of scrutiny must be applied. 669 F.3d 374, 386 (3d Cir. 2012). Conversely, if a state's self-interest is not implicated by the impairment of a contractual right, regardless of whether a state entity is a party to the contract, heightened scrutiny is not applicable. *See Energy Reserves Grp.*, 459 U.S. at 413 n.14, 418 (applying rational basis scrutiny where a Kansas public utility company was a party to the contract because "Kansas has not altered its own contractual obligation").

Here, the Court found that the purpose of the Forfeiture Act could not be categorized as one of pure self-interest: "Although promotion of off-track wagering and the horse racing industry may have ancillary financial benefits for the State in the form of tax revenue, the State's primary interest in enacting the Forfeiture Amendment is a public purpose—full implementation of off-track wagering in New Jersey." (Op. 14.) Furthermore, in contrast to cases where courts have found that heightened scrutiny is applicable,[2] in this case, the Forfeiture Amendment did not abrogate the state's financial obligations under the Participation Agreement. Thus, the Court found that heightened scrutiny was not required because the State's goal in enacting the Forfeiture Amendment could not be characterized as purely self-interested. (*Id.*) Granting deference to the legislature's judgment "concerning the necessity and reasonableness" of the Forfeiture Amendment, the Court found "that impairment of the Participation Agreement was reasonable in light of the legitimate public purposes of the State." (*Id.* at 15-16.) *American Railroads* does not alter this analysis.

Moreover, even if the Court were to find that less deference should be given to the legislature's view on the necessity and reasonableness of enacting the Forfeiture Amendment, "less deference does not imply no deference." *United Auto. Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuño*, 633 F.3d 37, 44 (1st Cir. 2011) (quoting *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 370 (2d Cir. 2006)). "The Contract Clause . . . does not require the courts—even

---

[2] *See, e.g.*, *U.S. Tr. Co.*, 431 U.S. at 17-18 (challenged legislation repealed state's covenant with bondholders, which limited the state's use of toll revenues to subsidize railroad passenger service); *Lipscomb v. Columbus Mun. Separate Sch. Dist.*, 269 F.3d 494, 506 (5th Cir. 2001) (challenged legislation allowed the state to void leases entered into in 1890); *Condell v. Bress*, 983 F.2d 415, 418 (2d Cir. 1993) (challenged legislation authorized the state to pay certain employees nine days' salary for ten days' work in each of ten successive two-week pay periods in violation of their collective bargaining agreements); *Ass'n of Surrogates & Supreme Court Reporters Within City of N.Y. v. New York.*, 940 F.2d 766, 769 (2d Cir. 1991) (same).

where public contracts have been impaired—to sit as superlegislatures[.]" *Balt. Teachers Union v. Mayor of Balt.*, 6 F.3d 1012, 1021 (4th Cir. 1993). Here, even applying less deference, for the reasons discussed in its Decision, (*see* Op. 15-16), the Court finds that the resulting impairment of the Participation Agreement is reasonable in light of the purposes of the Forfeiture Amendment.

### B. Pilot Program Act

Likewise, *American Railroads* does not alter the Court's analysis of the Pilot Program. In its Decision, the Court found that Plaintiffs' challenge to the Pilot Program did not satisfy the threshold inquiry for a Contract Clause violation—namely, "whether the change in state law has operated as a substantial impairment of a contractual relationship." (*Id.* at 9 (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)).) Given that the Participation Agreement contains a geographic exclusivity provision ("Master Off Track Wagering Participation Agreement," Exhibit A, § 2.1, ECF No. 1-1), which limits Plaintiffs' rights to establish off-track wagering to the southern half of the State, the Court found that the Pilot Program, which is applicable to only the northern half of the State, did not substantially impair Plaintiffs' rights under the Participation Agreement. Because the challenge to the Pilot Program did not satisfy the threshold inquiry of showing a substantial impairment to a contractual relationship, the Court did not need to reach the question of whether heightened scrutiny was applicable in order to find that the Pilot Program Act did not violate the Contract Clause.

## III. Conclusion

Accordingly, for the reasons set forth above, Plaintiffs' request for reconsideration is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 2nd, 2017